1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES R. HAUSMAN and CAROL D. HAUSMAN, husband and wife; and M.H., a minor child, by her guardian ad litem, CAROL D. HAUSMAN,<br><br>                                   Plaintiffs,<br><br>        vs.<br><br>HOLLAND AMERICA LINE – U.S.A., a Washington corporation; HOLLAND AMERICA LINE, INC., a Washington corporation; HOLLAND AMERICA LINE N.V., a Curacao corporation; and HAL ANTILLEN N.V., a Curacao corporation,<br><br>                                   Defendants. | No.<br><br><br>COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES<br><br>JURY DEMAND |

COME NOW the above-captioned Plaintiffs, by and through their undersigned attorney of record, Herbert G. Farber, and for cause of action allege and assert as follows:

## I. PARTIES

1.      Plaintiffs James R. Hausman and Carol D. Hausman are husband and wife.  They have resided in Springfield, Sangamon County, Illinois, were citizens of Illinois, and have been married at all times material hereto.

COMPLAINT FOR PERSONAL INJURIES - 1
CAUSE NUMBER (                    )

2.    Plaintiff M.H. is the minor child of Plaintiffs James R. Hausman and Carol D. Hausman (DOB: 2004), and Carol D. Hausman has been appointed as M.H.'s guardian ad litem to prosecute her claim as alleged herein.  Plaintiff M.H. resides in Springfield, Sangamon County, Illinois with her parents and was a citizen of Illinois at all times material hereto.

3.    Defendant Holland America Line – U.S.A. (hereinafter "HAL – U.S.A.") is a corporation formed and existing by virtue of the laws of the State of Washington.  Defendant HAL – U.S.A. has its principal place of business in Seattle, King County, Washington and was an agent of Defendants Holland America Line N.V. and HAL Antillen N.V. at all times material hereto.

4.    Defendant Holland America Line, Inc. (hereinafter "HAL, Inc.") is a corporation formed and existing by virtue of the laws of the State of Washington.  Defendant HAL, Inc. has its principal place of business in Seattle, King County, Washington and was an agent of Defendants Holland America Line N.V. and HAL Antillen N.V. at all times material hereto.

5.    Defendant Holland America Line N.V. (hereinafter "HAL N.V.") is a foreign corporation formed and existing by virtue of the laws of Curacao.  Defendant Holland America Line N.V. chartered the *ms Amsterdam* at all times material hereto.

6.    Defendant HAL Antillen N.V. is a foreign corporation formed and existing by virtue of the laws of Curacao.  Defendant HAL Antillen N.V. owned the *ms Amsterdam* at all times material hereto.

## II. JURISDICTION AND VENUE

7.    The above-entitled Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds the jurisdictional limits of $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between Plaintiffs, who are Illinois citizens, and Defendants HAL N.V. and HAL Antillen N.V., both Curacao citizens, and Defendants HAL, Inc. and HAL – U.S.A., both Washington citizens.

COMPLAINT FOR PERSONAL INJURIES - 2
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087  ●  FACSIMILE (425) 455-9017

8.     The Court has supplemental jurisdiction over Plaintiff Carol D. Hausman's and Plaintiff M.H.'s claims for loss of consortium under 28 U.S.C. § 1367.

9.     The above-entitled Court has personal jurisdiction over Defendants HAL, N.V.; HAL Antillen N.V.; HAL, Inc.; and HAL – U.S.A.  General jurisdiction exists for all Defendants based on their substantial, continuous, and systematic business contacts with the State of Washington.

10.     Venue is proper in this District under 28 U.S.C.§ 1391(b), (c) because all of the defendants are subject to the Court's personal jurisdiction with respect to the civil action in question and therefore reside within this District.

11.     Personal jurisdiction also exists and venue is also properly lodged in this Court pursuant to the forum-selection clause contained in the Cruise Contract.

### III. FACTS OF THE OCCURRENCE

12.     Plaintiffs entered into a contract of carriage on one of their ships with the defendants, which was issued in Seattle, Washington, for the purpose of passage on the vessel *ms Amsterdam* for a family cruise.

13.     The *ms Amsterdam*, the flagship of Defendants' Pacific fleet, is a large 780-foot luxury passenger cruise ship that is owned and operated by Defendants in their business as a provider of cruise services and travel.

14.     The cruise that was offered by Defendants and selected by Plaintiffs was Defendants' Asia Pacific Grand Tour Cruise.  It began in Seattle, Washington on or about September 26, 2011 and returned to the United States terminating the cruise in Los Angeles, California on or about December 5, 2011.

15.     The *ms Amsterdam* traveled across the Pacific Ocean, visiting Russia, China, and various Southeast Asia countries, South Pacific islands, and stopping in Hawaii, before disembarking in Los Angeles.  The tour was scheduled to be approximately 70 days long.

COMPLAINT FOR PERSONAL INJURIES - 3
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087 ● FACSIMILE (425) 455-9017

16.    On or about November 26, 2011, towards the end of the cruise, and as ship was approaching Honolulu over the open waters of the Pacific Ocean, Plaintiffs James Hausman and Carol Hausman left their room aboard the ship and began walking to the outside pool located on Deck 8, referred to as the Lido Deck.  Upon reaching Deck 8, both Plaintiffs proceeded to walk through a doorway designed with two sets of heavy automatic sliding glass doors, an inner set and an outer set.  Plaintiffs approached the doorway following a group of Defendants' crew who were participating in a scheduled activity that Plaintiffs intended to attend at the swimming pool.

17.    As the preceding group approached the doorway, both sets of sliding glass doors automatically opened, providing passage through the doorway.  As Plaintiff James Hausman was entering the doorway immediately behind Defendants' crew members, one of the sliding glass doors suddenly and unexpectedly emerged from its open position in the sidewall, closing with substantial force, striking Mr. Hausman on the right side of his body, head, and face.

18.    As a direct and proximate result of this occurrence, Mr. Hausman suffered serious injuries including, but not limited to, a traumatic brain injury, resulting in post-traumatic vertigo and a seizure disorder including post-traumatic epilepsy, neuropsychological and psychosocial impairments, and visual impairment; dental damage; and other injuries, lacerations, contusions, and musculoskeletal injuries.

19.    Defendants' doors aboard the *ms Amsterdam* should have safely remained open for Plaintiff James Hausman as he entered the passageway, detected by the approach sensors signaling the controller electronics to maintain the door in the retracted position, and failed to function properly and safely in the manner that a reasonable person would have expected them to operate.

20.    It is believed, and therefore alleged, that the malfunction and unsafe operation of the doors was proximately caused by negligent control, maintenance, and usage, among other defects, by Defendants including the failure of the door sensors that were intended and expected to keep the

COMPLAINT FOR PERSONAL INJURIES - 4
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087 ● FACSIMILE (425) 455-9017

doors open for Plaintiffs, and were dangerously calibrated to close at a speed that was dangerous and unsafe for normal use by pedestrian traffic.

21.     Defendants were aware of the unreasonably dangerous condition and functioning posed by the automatic doors in that they were aware of frequent prior incidents of the doors suddenly and unexpectedly closing, hitting both other passengers as well as members of the crew on the *ms Amsterdam* and Defendants' other ships, prior to the doors striking Mr. Hausman.

22.     Defendants were also aware of the unreasonably dangerous condition posed by the automatic sliding glass door in that they directed and/or participated in setting the sensitivity of the door's sensors to a level, and selecting their placement, causing the door to become an unreasonably dangerous to pedestrian users.

23.     At all times material hereto, each of the defendants were agents, employees, and/or representatives of each other and acted within the course and scope of their employment and/or agency.

24.     Plaintiffs were fare-paying passengers aboard the *ms Amsterdam* at all times material hereto.

25.     Plaintiffs have met all conditions precedent to maintaining this action including delivering written notice of their claim pursuant to the "Cruise and Cruisetour Contract" (hereinafter "Cruise Contract").

## IV. LIABILITY
### (TORTIOUS CONDUCT AND INACTION)

26.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 25 above as if fully set forth herein.

27.     Defendants owed Plaintiffs a duty to exercise reasonable care under the circumstances.  This duty included (a) a duty to warn passengers of an unreasonably dangerous

COMPLAINT FOR PERSONAL INJURIES - 5
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087 ● FACSIMILE (425) 455-9017

condition of which they were actually or constructively aware and (b) a duty to properly maintain the vessel in a reasonably safe condition.

28.     The automatic sliding glass doors, which would and did suddenly and unexpectedly close, constituted an unreasonably dangerous condition to persons walking through the open doorway, including Plaintiffs.

29.     Defendants knew or reasonably should have known about the unreasonably dangerous condition posed by the self-closing automatic doors.

30.     Defendants were in fact aware that the automatic doors had unexpectedly closed on other passengers as well as members of the crew, in some cases causing bodily injury.

31.     The unreasonably dangerous condition posed by the sudden and unexpected closing of the automatic doors was not apparent, open, or obvious to Plaintiff.

32.     It is reasonably foreseeable that the heavy, suddenly, and unexpectedly closing automatic doors would cause injury.

33.     Defendants breached their duty of reasonable care by failing to warn Plaintiffs of the unreasonably dangerous condition posed by the automatic doors.

34.     Defendants also breached their duty of reasonable care by failing to properly maintain, service, and/or adjust the components of the doors, allowing the doors to become and remain an unreasonably dangerous condition for passengers on the ship.

35.     Plaintiff's injuries and damages are a direct and proximate result of Defendants' negligent failures and/or omissions alleged herein.

## V. DAMAGES

36.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 35 above as if fully set forth herein.

COMPLAINT FOR PERSONAL INJURIES - 6
CAUSE NUMBER (_____)

37.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred reasonable and necessary expenses that are objectively verifiable for medical and health care including, but not limited to, charges incurred for physicians, surgeons, drugs and medications, hospital costs, physical therapy, and other past and future medical and health care expenses that were reasonable and necessary for the treatment of Plaintiff's injuries and causally related to Defendants' negligence.  Plaintiff will continue to incur like expenses in the future of an unknown amount.

38.     As a further direct and proximate result of Defendants' negligence, Plaintiff was unable to work at full capacity, and at times not at all, following the infliction of said injuries and suffered a loss of wages and earnings.  Plaintiff will suffer a loss of wages and an impaired ability to work in the future as a result of the injuries received, and further a loss of chance and opportunity to advance in his career and earning potential.

39.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred miscellaneous out-of-pocket expenses in connection with costs of transportation to obtain reasonable and necessary health care, household expenses for housekeeping and/or essential services, and similar miscellaneous out-of-pocket expenses which are continuing in nature.

40.     The special damages suffered by Plaintiff are liquidated in nature and ascertainable by computation.  Said amounts remain unpaid by Defendants and therefore Plaintiff is entitled to prejudgment interest at the statutory rate on these amounts until paid.

41.     As a further direct and proximate result of Defendants' negligence, Plaintiff has experienced pain and suffering, both mental and physical, and disability, and with a reasonable certainty will experience same in the future.  Further, Plaintiff has suffered a reduction in Plaintiff's ability to enjoy life, both past and future, as he previously enjoyed.  All of Plaintiff's general damages are continuing in nature and result in permanent injury and damage to Plaintiff.

COMPLAINT FOR PERSONAL INJURIES - 7
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087 ● FACSIMILE (425) 455-9017

42.     As a further direct and proximate result of Defendants' negligence and the injuries proximately caused thereby to James Hausman, Carol Hausman and M.H. have suffered a loss of consortium, including loss of love, affection, care, services, companionship, and society, and consortium.

43.     Plaintiffs' harms and losses are multifaceted, and the physical injuries to James Hausman and the emotional damages to all Plaintiffs affect all aspects of their lives.  Plaintiffs claim all damages allowed by law.

### VI.  PUNITIVE DAMAGES

44.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants utilize and maintain automatic glass sliding doors on virtually all of their ships, separating the interior cabin and walkway from the "outdoor swimming pool", equipped with electronic sensors to automatically open and close the doors to achieve atmospheric pressure stability, among other things, and to block out gusts of wind.  As a result of Defendants' actions, passengers aboard their ships have been forced to file personal lawsuits in this Court at least as far back as 2003, and as recently as 2012, involving a serious personal injury to a patron aboard the *ms Eurodam* that occurred only one month prior to Plaintiff's injury.

46.     Defendants' actions in failing to remedy the dangerous and unsafe condition in the circumstances, and/or warn passengers of the danger posed by the dangerously calibrated and maintained automatic sliding doors, were outrageous and owing to gross negligence and willful, wanton, and reckless indifference for the rights and safety of Plaintiff and other passengers on board.

### VII.  JURY DEMAND

47.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury as to all issues so triable in this action.

COMPLAINT FOR PERSONAL INJURIES - 8
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
· 10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087 ● FACSIMILE (425) 455-9017

## VIII.  RELIEF REQUESTED

WHEREFORE, Plaintiffs request the following relief against Defendants, jointly and severally:

A.  For monetary judgment in such sum as will fully and fairly compensate Plaintiffs for their injuries, general damages, special damages, including prejudgment interest, other damages to be proven at trial, and attorney fees and costs and disbursements herein, together with such other relief as the Court deems fair and equitable; and

B.  For punitive damages as may be permitted under applicable law.

DATED this **29** day of May, 2013.

THE FARBER LAW GROUP

Herbert G. Farber, WSBA # 7340
10655 N.E. Fourth Street, Suite 312
Bellevue, Washington  98004
*Attorney for Plaintiffs*

COMPLAINT FOR PERSONAL INJURIES - 9
CAUSE NUMBER (_____)

LAW OFFICES OF
**Herbert G. Farber, Inc. P.S.**
10655 N.E. 4th Street, Suite 312
P.O. Box 69, Bellevue, WA 98009-0069
(425) 455-9087 ● FACSIMILE (425) 455-9017