UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES R. HAUSMAN, | ) |
| *Plaintiff*, | ) CASE NO.   13cv00937 BJR |
| v. | ) **MEMORANDUM OPINION & ORDER** |
| HOLLAND AMERICA LINE- USA, *et al*. | ) |
| *Defendants*. | ) |

DENYING IN PART DEFENDANTS' MOTION IN LIMINE,
AS TO THE EXCLUSION OF OTHER DOORS EVIDENCE

## I.  BACKGROUND

Plaintiff, James R. Hausman, filed this negligence action against Holland America Line-U.S.A., a cruise company, and other related corporate entities (collectively, Defendants or "HAL Defendants").  Plaintiff alleges that on November 26, 2011, while traveling as a passenger on Defendants' cruise ship - the *MS AMSTERDAM*, an automatic sliding glass door improperly closed, striking his head and causing him serious injury.  According to Plaintiff, the sensors on the door were improperly set, allowing passengers like Plaintiff to reach the door without being detected.  Pl.'s Opp'n to Defs.' Mot. for Partial Summ. J. as to Punitive Damages at 16.

Plaintiff claims that Defendants were aware of the danger that the sliding doors pose to passengers and yet did nothing to remedy this danger. Am. Compl. ¶ 41. In support, Plaintiff points to the "accident/injury reports" generated for 24 passengers who were reportedly injured from 2009 to 2011 by an automatic door on one of HAL's cruise ships, none of which were the *MS AMSTERDAM*. Pl.'s Opp'n. to Def.'s Mot. in Limine, Ex. 1 ("Incident Reports"). Plaintiff also wants to admit a spreadsheet he has created to summarize 55 door-related injuries reported in HAL's own database, which reflects the 24 injuries reported by the "accident/incident reports" as well as 31 additional incidents. *Id.*, Ex. 2. ("Rule 1006 Spreadsheet").

Defendants have moved *in limine* to exclude any and all references to any automatic sliding door other than the door involved in Plaintiff's incident, hereinafter "other door" evidence. Def.'s Mot. in Limine at 1. First, Defendants argue that "other door" evidence is irrelevant to both establishing negligence and entitlement to punitive damages because the only door of relevance is the door that was involved in Plaintiff's incident. Def.'s Mot. at 3-5. More specifically, Defendant contends that, as a matter of law, Plaintiff cannot point to "other incidents on other HAL ships involving other doors and different circumstances" to prove that HAL had actual or constructive notice of a problem with the doors. *Id.* at 5. Second, Defendants assert that the "other door" evidence is inadmissible hearsay and has not been properly authenticated as a legitimate business record. Third, Defendants maintain that the "other door" evidence is inadmissible under Federal Rule of Evidence 404(b). Last, Defendants argue that the "other door" evidence is unduly prejudicial and should not come in pursuant to Federal Rule of Evidence 403. Below, the Court discusses each of Defendants' arguments in turn.

## II. ANALYSIS

### A. Relevance

"To recover for negligence, a plaintiff must establish: (1) duty; (2) breach; (3) causation; and (4) damages." *Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001)). "[T]he owner of a ship in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under the circumstances of each case." *Id.* (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959)). "Where the condition constituting the basis of the plaintiff's claim is not unique to the maritime context, a carrier must have 'actual or constructive notice of the risk-creating condition' before it can be held liable." *Id.* (citations omitted). To determine whether a defendant had constructive notice of a risk-creating condition, "the crucial question [is] whether the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. Fla. 1989).

Moreover, as discussed in the Court's previous memorandum order, punitive damages are available "in maritime actions for tortious acts of a particularly egregious nature." *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 409 (2009). Specifically, punitive damages are appropriate only if a plaintiff can show wanton, willful, or outrageous conduct. *Id.*

Defendants argue that the "other door" evidence is irrelevant because Plaintiff can only show that HAL had notice of a risk-creating condition by pointing to prior incidents that occurred with the exact door that struck Plaintiff. Def.'s Motion in Limine at 5. In other words, Defendants contend that "Plaintiff cannot just 'assume' other incidents on HAL ships involving

other doors and different circumstances" prove constructive knowledge as to a risk-creating condition with the door at issue. *Id.* (citing to *Fritsch v. Princess Cruise Lines, Ltd.*, 2010 AMC 1655, 1633 (Cal. App. 2010)).[1]

Whether or not the "other door" evidence is relevant hinges on whether the "other doors" were substantially similar to the door involved in Plaintiff's incident so that a reasonable juror could find that Defendants had constructive notice of the risk-creating condition (*i.e.*, the low sensitivity level on the door's sensors) that allegedly led to Plaintiff's injury. *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2002). If the doors are substantially similar, then arguably, the incidents that occurred with these other doors should have prompted a reasonable inspection of the doors on all cruise ships, including the *MS Amsterdam. See Galentine v. Holland Am. Line - Westours, Inc.*, 333 F. Supp. 2d 991, 996-997 (W.D. Wash. 2004) ("Therefore, if by reasonable inspection, Defendant Holland America could have discovered that the doors were operating in a dangerous manner, then Defendant will be deemed to have constructive knowledge.).

---

[1] Defendants' reliance on *Fritsch v. Princess Cruise Lines, Ltd.*, an unreported California Court of Appeals decision, is unpersuasive. In *Fritsch*, the plaintiff was trying to demonstrate that the cruise line knew or should have known of a dangerous condition on the stateroom balconies by pointing to a handful of balcony slip-and-falls that occurred on different cruise ships. 2010 AMC at 1664. The California Court of Appeals determined that there was no evidence that Princess Cruise Lines had notice of a dangerous condition because the plaintiff was relying on the "vague recollection" of a security officer. *Id.* at 1665. Moreover, the California Court of Appeals noted that the plaintiff had not established a chronology of the other incidents and it was unclear whether the design of the stateroom balconies were even similar. *Id.* at 1665-66.

In contrast, here, Plaintiff has provided ample evidence that Defendants knew of the past 50-some incidents, all of which occurred before Plaintiff's incident. Specifically, Plaintiff has provided Defendants own accident/incident reports and database information, as opposed to relying on the memory of a security guard. Moreover, and as elaborated above, Plaintiff has pointed to evidence from which a reasonable juror may find that the doors were substantially similar so that an incident on one of the doors could reasonably be expected to result in an inspection of all doors.

HAL's own actions arguably demonstrate that the door involved in Plaintiff's incident and the other doors were substantially similar so as to trigger a reasonable inspection. Specifically, a few months after Plaintiff's incident, Ed Ramaekers, HAL's Deputy Director of Technical Operations sent out an email to the Chief Electricians on the other HAL ships, ordering that the motion sensors on all of the automatic sliding doors be adjusted to a "medium" sensitivity level. Ramaeker wrote:

> **We had an unfortunate incident on the Amsterdam where a guest got injured by an automatic sliding door.**
>
> **After investigating the issue it appeared that the sliding doors motion sensitivity are set at "Low" sensitivity. Most of these doors have been replaced on the R-class by the same company and most likely are all set the same.**
>
> **We would like to adjust all of these doors to Medium sensitivity to prevent any similar issues.**
>
> **Please verify the present setting and if required change the setting to Medium.**
>
> **Let me known when settings are verified, much appreciated.**

Pl.'s Opp'n to Def.'s Mot. in Limine, Ex. 4.

The Court is persuaded that a reasonable juror might conclude from Ramaeker's email that the doors were substantially similar.[2] In other words, a juror may reason that if Plaintiff's incident triggered an inspection of the automatic sliding doors on other HAL ships, then,

---

[2] The Court rejects Defendants' contention that every automatic sliding door across its fleet is unique. It is clear from Ramaeker's email that many of the doors will meet the "substantially similar" standard. However, at the Pretrial Conference the Court will consider excluding some of the accident/injury reports if Defendants can prove that the doors involved in those incidents were in fact of a totally different type than the door involved in Plaintiff's incident. Moreover, the Court will exclude any accident/injury reports that occurred prior to 2009. *See* Pl.'s Opp'n, Ex. 2.

5

conversely, the incidents involving other doors should have prompted a reasonable inspection of the door involved in Plaintiff's incident.[3]

Accordingly, the Court concludes that the "other door" evidence is relevant to Plaintiff's efforts in demonstrating that HAL had constructive notice, as required to show negligence. Because such notice is naturally required before a jury could find that Defendants acted willfully, the "other door" evidence is also relevant to the issue of punitive damages.

---

[3]  In a footnote, Defendant argues that Ramaeker's email and the responses thereto are inadmissible under Federal Rule of Evidence 407 because they constitute evidence of a subsequent remedial measure. Plaintiff retorts that the emails should be allowed, given that they are being offered for purposes that are not prohibited by Rule 407.

Rule 407 prohibits evidence of a subsequent remedial measure to prove "negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." The trial court may admit the evidence, however, for "another purpose, such as impeachment or- if disputed – proving ownership, control, or the feasibility of precautionary measures." FRE 407.

Here, Plaintiff proffers the email to show (1) that the sensors on the doors were set on low prior to Plaintiff's incident; (2) that the doors were substantially similar fleet-wide; (3) that HAL had control over the door settings, as opposed to its subcontractor; and (4) the feasibility of HAL changing the doors sensors from low to medium sensitivity. Pl.'s Opp'n to Defs.' Mot. in Limine at 8.

Such purposes are not prohibited by Rule 407. Indeed, Defendants do not even attempt such an argument. Instead, Defendant argues that the purposes for which Plaintiff seeks to admit the emails are not explicitly allowed for under Rule 407 or, for that matter, supported by any case authority. To begin with, some of the purposes advanced by Plaintiff are indeed provided for in the rule: namely, control and the feasibility of precautionary measures. Moreover, Rule 407 is not meant to provide an exclusive list of purposes for which remedial measures may be admitted; it merely gives examples of some common non-prohibited purposes. See FRE 407, Advisory Notes, 2011 Amendments (explaining that "[i]t remains the case that if offered for an impermissible purpose, [the evidence] must be excluded, and if offered for a purpose not barred by the Rule, its admissibility remains governed by the general principles [described in the other rules of evidence]."

Because neither Rule 407 nor any case authority prohibits the introduction of these emails for the purposes noted by Plaintiff, the Court will admit the evidence. Under Rule 403, the Court may provide the jury with a curative instruction to prevent any confusion or undue prejudice that the Ramaeker email and responses may cause.

### B. Hearsay – Authentication Issues

Defendants argue that the accident/incident reports as well as the email chain by Ramaeker are improperly authenticated and contain inadmissible hearsay. Defs.' Mot. in Limine at 4 (incorporating by reference certain objections that Defendants made in their reply brief to their motion for partial summary judgment). More specifically, Defendants take issue with the fact that Plaintiff's counsel "does not have such personal knowledge sufficient to authenticate various documents he did not prepare or see prepared." Defs.' Reply in Support of its Mot. for Partial Summ. J. at 5.

As to Plaintiff's hearsay objection, the Court is not persuaded that the accident/incident reports are being offered for the truth of the matter asserted therein, as the rule prohibiting hearsay would require. Instead, it seems Plaintiff is relying on these reports to establish the effect on the listener, *i.e.* the accident/incident reports would have provided Defendants notice of accidents/incidents involving the other doors, even if the reports were questionable in their truthfulness.[4]

As for the authentication of these records, the Court is persuaded that the accident/incident reports appear sufficiently genuine at this procedural stage, and is confident that Plaintiff will authenticate these reports properly at trial. *See Orr v. Bank of Am.*, 295 F.3d 764, 778 n.24 (explaining that "documents attached to an exhibit list in a summary judgment

---

[4] *See Orr v. Bank of Am.*, 285 F.3d 764, 779 n.6 (9th Cir. 2002) **("**A statement is deemed hearsay only when the immediate inference the proponent wants to draw is the truth of the assertion on the statement's face. When the proponent offers the statement for a nonhearsay purpose, we are primarily interested simply in the fact that the statement was made. The fact of the statement is relevant; the truth of the facts in the statement is irrelevant. (quoting Edward J. Imwinkelried, Evidentiary Foundations 312 (4th ed. 1998)).

motion could be authenticated by review of their contents if they appear to be sufficiently genuine"); Fed. R. Evid. 902(b)(4) (allowing the court to take into consideration "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances" when determining authentication of documents).

Accordingly, at this time the Court declines to strike the evidence of "other doors" evidence for failure to authenticate.

### C. Federal Rule of Evidence 404(b)

Next, Defendants argue that the "other doors" evidence is inadmissible under Federal Rule of Evidence 404(b). More specifically, Defendants are concerned that "other door" evidence will be used by Plaintiff to portray a corporate character of disregard for passenger safety. Under Rule 404(b), evidence of prior bad acts is prohibited if that evidence is being offered "to show that on a particular occasion the person [or here, the corporation[5]] acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the Rule allows such past bad acts evidence in for other purposes. *Id.* at 404(b)(2).

Plaintiff offers the accident/incident reports to show that Defendants "had actual and constructive notice of the dangerous condition." Pl.'s Opp'n to Defs.' Mot. in Limine at 5. The Court agrees that Rule 404(b) does not prohibit the use of the accident/incident reports for such a purpose. As such, the use of the evidence is not an "impermissible assault on HAL's corporate character."

---

[5] In a footnote, Plaintiff states that Rule 404(b) should not apply to a corporation. Pl.'s Opp'n to Def.'s Mot. in Limine at 5 n.3. The Court here assumes, without deciding, that the Rule applies to a corporation's character as it would a person's character.

As discussed further below, to the extent that Defendants are concerned that HAL will be punished for its prior acts, the Court invites counsel to provide a joint proposed jury instruction which would help cure such a possibility.

**D. Federal Rule of Evidence 403**

Lastly, Defendants argue that the Court should use its discretion and exclude the "other doors" evidence because "its probative value is substantially outweighed by a danger of unfair prejudice." Defs.' Mot. in Limine at 7. Defendants insist that the "only purpose that could be served by introducing evidence or making reference to prior incidents aboard other ships would be to invite the jury to improperly decide this case based on unrelated conduct . . . ." *Id.* at 8.

Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, the Court finds that the probative value and Plaintiff's need of this evidence (described above) outweighs the Rule 403 concerns. That said, the Court will utilize its Rule 403 discretion during trial as necessary. Plaintiff should be considered warned that the Court will not allow any "mini-trials" to go on as to past accidents/incidents involving the other doors. Plaintiff's use of "other door" evidence is being offered for the limited purpose of showing notice. Parties shall file joint proposed jury instructions which the Court will consider to ensure that the jury understands for what purposes it can and cannot consider the "other door" evidence.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendants' motion in limine insofar as it seeks to exclude the "other doors" evidence.

**SO ORDERED.**

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE